Mark D. Mailman, I.D. No. MDM 1122
John Soumilas, I.D. No. JS 0034
Geoffrey H. Baskerville, I.D. No. GB 2716
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

**Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEON WILLIAMS ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| vs. ) | |
| ) | COMPLAINT |
| NATIONAL TENANT NETWORK, INC. ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | NON-ARBITRATION |
| ) | |

### I.   Preliminary Statement

1.   This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

### II.   Jurisdiction and Venue

2.   Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.   Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### III. Parties

4. Plaintiff Leon Williams is an adult individual who resides at 24 Eastern Court, Willingboro, NJ 08046.

5. Defendant National Tenant Network, Inc., ("NTN") is a consumer reporting agency which provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence. NTN regularly conducts business in the District of New Jersey, and has a principal place of business at 188 Fries Mill Road, Turnersville, NJ 08012.

### IV. Factual Allegations

6. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's history as a tenant to third parties (hereafter the "inaccurate information").

7. The inaccurate information includes a false tenant history labeling the Plaintiff as a person with a long history of evictions, and personal identifying information. Specifically, inaccurate information includes, but is not limited to, numerous evictions that do not belong to Plaintiff, but belong instead to a Leon Williams whom Plaintiff does not know and is of no relation to Plaintiff.

10. The inaccurate information negatively reflects upon the Plaintiff, and misidentifies Plaintiff as a person who has a history of eviction. It appears that Defendant has confused Plaintiff with a person with a similar name and has, as a result of its unreasonable procedures, mixed Plaintiff's tenant history with that of a consumer with a long history of eviction.

11.     Defendant has been reporting the inaccurate information through the issuance of false and inaccurate consumer information and consumer reports that it has disseminated to various persons and potential landlords, both known and unknown.

12.     Plaintiff's consumer report and file has been obtained from Defendant and has been reviewed by prospective landlords and the inaccurate information has been a substantial factor in precluding Plaintiff from obtaining a rental property. Plaintiff's consumer reports have been obtained from Defendant by such third parties from at least July 2012 through the present.

13.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of loss of a rental property, harm to reputation, emotional distress, including anxiety, frustration, humiliation and embarrassment.

14.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

15.     At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

### V.     CLAIMS

### COUNT ONE - FCRA

16.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

17.     At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

19. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

20. At all times pertinent hereto, the above-mentioned reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

21. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

22. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VI.   JURY TRIAL DEMAND

25. Plaintiff demands trial by jury on all issues so triable.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and 1681o;

(e)     An order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's consumer reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer information;

(f)     An order directing that Defendant send to all persons and entities to whom it has reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected consumer report; and

(g)     Such other and further relief as may be necessary, just and proper.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates John Soumilas as trial counsel in the above-captioned matter. Plaintiff reserves the right to amend this designation as necessary.

## ARBITRATION CERTIFICATION

I, Mark D. Mailman, counsel of record do hereby certify pursuant to Local Civil Rule 201.1(d) that relief other than monetary damages is sought and that the damages sought are in excess of $150,000. I further certify that, to my knowledge, the within case is not the subject of any action, arbitration or administrative hearing now pending in any court.

Respectfully submitted,

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

BY:   */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
JOHN SOUMILAS, ESQUIRE
GEOFFREY H. BASKERVILLE, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

Dated: February 4, 2013