IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LEON WILLIAMS,** <br><br> Plaintiff, <br> vs. <br><br> **NATIONAL TENANT NETWORK, INC.,** <br><br> Defendant. | **Civil Action No.** <br><br> **1:13-cv-00680-JHR-KMW** |

**DEFENDANT, NATIONAL TENANT NETWORK – NJ/DE/SOUTHEASTERN PA/NY, INCORRECTLY IDENTIFIED AS NATIONAL TENANT NETWORK'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES AND A DEMAND FOR SPECIFICATION OF DAMAGES**

AND NOW, comes Defendant, National Tenant Network – Philadelphia, Southeastern PA/NJ/DE/NY, incorrectly identified as National Tenant Network, ("NTNNJ"), by and through its undersigned counsel, Marshall Dennehey Warner Coleman & Goggin, P.C., and in answer to the Complaint of Plaintiff, Leon Williams ("Plaintiff"), NTNNJ avers as follows:

**ANSWER TO PRELIMINARY STATEMENT**

1.     Admitted in part and denied in part.  NTNNJ admits that Plaintiff is an individual who brought this action seeking damages against NTNNJ pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. NTNNJ denies any liability or wrongful conduct under the FCRA and demands strict proof of same.

**ANSWER TO JURISDICTION AND VENUE**

2.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  NTNNJ refers all questions of law to the Court.

1

3. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. NTNNJ refers all questions of law to the Court.

## ANSWER TO PARTIES

4. Admitted. NTNNJ admits, on information and belief, Plaintiff is an adult individual who resides at the address set out in this paragraph.

5. Admitted in part and denied in part. Plaintiff misidentifies NTNNJ as National Tenant Network, Inc., and NTNNJ denies each allegation in this Complaint to the extent that these allegations are directed to National Tenant Network, Inc. NTNNJ admits that it provides background information for landlords concerning applicants for rental properties. NTNNJ further admits that it maintains a principal place of business at the address set out in this paragraph. NTNNJ denies the remaining allegations in this paragraph.

## ANSWER TO FACTUAL ALLEGATIONS

6. Denied. NTNNJ denies that has reported any inaccurate statements or information concerning Plaintiff and his history as a tenant to any third parties. A factual basis for these conclusory allegations is demanded of Plaintiff.

7. Denied. NTNNJ denies that has reported any inaccurate statements or information concerning Plaintiff and his history as a tenant to any third parties. A factual basis for these conclusory allegations is demanded of Plaintiff.

10(sic). Denied. NTNNJ denies reporting any inaccurate information regarding the Plaintiff and denies that the eviction information in the subject

report reflected negatively upon Plaintiff with regarding to his application for any rental. NTNNJ specifically denies maintaining unreasonable procedures and denies confusing Plaintiff with any other person or that NTNNJ associates Plaintiff with any evictions. NTNNJ simply provided eviction records for individuals sharing Plaintiff's name with a conspicuous disclaimer.

11(sic). Denied. NTNNJ denies reporting any inaccurate information regarding Plaintiff to any potential landlord and leaves Plaintiff to his burden of proof.

12(sic). Admitted in part and denied in part. NTNNJ admits that its report was obtained by prospective landlord Doreatha Campbell Senior Housing. NTNNJ expressly denies that the eviction history played any role in precluding Plaintiff from obtaining a rental property. NTNNJ denies the remaining allegations and leaves Plaintiff to his burden of proof.

13(sic). Denied. NTNNJ denies that its conduct resulted in any harm to Plaintiff, including harm in the form of any loss of a rental property, harm to his reputation, emotional distress (including anxiety, frustration, humiliation and embarrassment). A factual basis for these conclusory allegations is demanded of Plaintiff.

14(sic). Admitted in part and denied in part. NTNNJ admits that to the extent that its employees are acting within the scope of their employment, they are under the direct supervision and control of NTNNJ. Unless otherwise admitted, NTNNJ denies the allegations in this paragraph and leaves Plaintiff to his proofs.

15(sic). Denied. NTNNJ denies engaging in any conduct that could reasonably or rationally be construed as intentional, willful, reckless or in grossly negligent disregard for federal and state law or the rights of the Plaintiff. A factual basis for these conclusory allegations is demanded of Plaintiff.

### ANSWER TO COUNT I – VIOLATIONS OF THER FCRA

16(sic). No response is required to this paragraph as Plaintiff is merely incorporating prior paragraphs by reference. To the extent a response is deemed necessary, NTNNJ incorporates its responses to paragraphs 1 through 15, as though they were fully set forth herein at length.

17(sic). Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. NTNNJ refers all questions of law to the Court.

19(sic). Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. NTNNJ refers all questions of law to the Court.

20(sic). Admitted. NTNNJ admits that the report that it issued to Doreatha Campbell Senior Housing, was a "consumer report" as the term is defined by the FCRA.

21(sic). Denied. NTNNJ denies liability to Plaintiff in the absence of any violation of the FCRA, willfully or negligently and denies failing to comply with the requirements imposed on a consumer reporting agency under the FCRA. A factual basis for these conclusory allegations is demanded of Plaintiff.

22(sic).    Denied.  NTNNJ denies that it was a direct or proximate cause or even a factor in bringing any harm to Plaintiff.  NTNNJ denies it is liable to Plaintiff in any regarding, including through the FCRA.  NTNNJ denies that Plaintiff is entitled to any damages, statutory or otherwise or that Plaintiff is entitled to recover any fees or costs reasonably incurred in this litigation or any other remedy at law in the absence of any violative conduct on the part of NTNNJ.  A factual basis for these wholly conclusory allegations is demanded of Plaintiff.

## ANSWER TO JURY DEMAND

25(sic).    Admitted in part and denied in part.  NTNNJ admits that Plaintiff requests a trial by jury.  NTNNJ denies that Plaintiff has a right to a jury trial absent any viable claims.

## ANSWER TO PRAYER FOR RELIEF

WHEREFORE, Defendant, National Tenant Network – NJ/DE/Southeastern PA/NY, respectfully requests that this Honorable Court deems this Answer proper and dismisses Plaintiff's Complaint while granting any and all other relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to plead a claim against NTNNJ upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The consumer report issued for Plaintiff at the request of Doreatha Campbell Senior Housing contained no false information concerning the Plaintiff. Significantly, the eviction history listed on the report with the appropriate disclaimer was not even a factor for denial of a rental property by Doreatha Campbell Senior Housing.

**THIRD AFFIRMATIVE DEFENSE**

The consumer report issued for Plaintiff at the request of Doreatha Campbell Senior Housing was accurate and NTNNJ followed reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates in compliance with 15 U.S.C. §1681e(b) of the FCRA.

**FOURTH AFFIRMATIVE DEFENSE**

Even if Plaintiff is able to articulate a claim under the FCRA against NTNNJ, which is denied, Plaintiff offers no facts evidencing a willful or reckless violation of the FCRA. Absent such a showing, Plaintiff is not entitled to any recover under the FCRA. See 15 U.S.C. §1681n.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has incurred no damages in connection with any perceived inaccuracy in the consumer report provided at the request of Doreatha Campbell Senior Housing. The only information in the consumer report that was germane to Plaintiff rejection as a tenant related to the evidence of a lack of financial wherewithal of Plaintiff, including the series of bankruptcy filings

by Plaintiff. The eviction information was not a consideration for Plaintiff's rejection as a tenant. Therefore, even if Plaintiff prevails on his argument that the eviction history, notwithstanding NTNNJ's conspicuous disclaimer, somehow falls afoul of 15 U.S.C. §1681e(b), Plaintiff has incurred no harm from this alleged negligent conduct of NTNNJ.

### DEMAND FOR SPECIFICATION OF MONEY DAMAGES

Pursuant to Local Rule 8.1, NTNNJ demands that Plaintiff, within fourteen (14) days, furnish NTNNJ with a written statement detailing the amount of actual damages claimed as to his claims, as asserted in his prayer for relief, and the methodology in assessing such actual damages.

### CERTIFICATION

PURSUANT TO L.R. 4:5-1, I hereby certify, on information and belief, that consolidation does not appear to be warranted. It is not presently known whether other parties should be joined.

**WHEREFORE**, Defendant, National Tenant Network – Philadelphia, Southeastern PA/NJ/DE/NY, respectfully requests this Honorable Court enter judgment in its favor dismissing Plaintiff's Complaint and any and all other relief as the Court deems is just and equitable.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.**

By: *(s) Andrew M. Schwartz /* amschwartz2
Andrew M. Schwartz
2000 Market St., Suite 2300
Philadelphia, PA 19103
(215) 575-2765 / (215) 575-0856 (f)
amschwartz@mdwcg.com
Attorneys for Defendant
National Tenant Network – Philadelphia,
Southeastern PA/NJ/DE/NY